KEITH J. BAUER, OSB No. 730234
kbauer@pbswlaw.com
PARKS, BAUER, SIME, WINKLER & FERNETY LLP
570 Liberty St SE, Suite 200
Salem OR 97301
(503) 371-3502; Fax (503) 371-0429
       Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| LEONARD WILLIAMSON,<br><br>       Plaintiff,<br><br>     v.<br><br>OREGON DEPARTMENT OF<br>CORRECTIONS, an Oregon State Agency,<br>and COLETTE PETERS, an individual, in her<br>personal capacity,<br><br>       Defendants. | Case No. 6:16-CV-00783-MC<br><br>**Defendants Oregon Department of Corrections and Colette Peters' Motion to Dismiss and Motion to Strike**<br><br>**F.R.C.P. 12(b)(6); 12(f)**<br><br>**Oral Argument Requested** |

### L.R. 7-1 COMPLIANCE

Pursuant to LR 7-1, counsel for defendants certifies that the parties made a good-faith effort to resolve the dispute by conferring by telephone, but have been unable to do so.

### MOTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants move this Court to dismiss plaintiff's Fourth and Fifth claims, and move to dismiss the Sixth claim in part. In addition, defendants move to strike certain factual allegations from the Complaint. As explained in the accompanying Memorandum of Law, the challenged claims fail to allege the elements of the claim based on the applicable law or are barred by statutory immunity. The

Page 1 – DEFENDANTS' MOTION TO DISMISS

challenged factual allegations are irrelevant because they are legally insufficient to support plaintiff's claims for relief.

## MEMORANDUM OF LAW

A case must be dismissed when the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), the Complaint must set forth facts that, if accepted as true, would entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertion[s]" of wrongful conduct devoid of "further factual enhancement," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Twombly*, 550 U.S. at 555 ("a formulaic recitation of the elements of a cause of action will not do.").

Further, the facts alleged in the complaint must amount to a claim for relief "that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint must be dismissed if the factual allegations allow only "a sheer possibility that the defendant has acted unlawfully." *Id.*

Fed. R. Civ. P. 12(f) authorizes the court to "strike from a pleading * * * any * * * immaterial, impertinent, or scandalous matter."

Based on those standards, and as explained more fully below, the challenged claims should be dismissed and the challenged factual allegations should be stricken.

**Facts Alleged in the Complaint**

Before turning to the applicable legal rules, Defendants summarize the facts alleged in the Complaint.

Plaintiff Leonard Williamson was an employee of Defendant Oregon Department of Corrections (DOC). He worked as Inspector General from September 2011 until October 2013. (Complaint ¶ 7).

Defendant Peters is the Director of DOC. She was appointed to that position in February 2012. (Complaint ¶ 8).

After her appointment, Peters terminated "several employees" for "questionable reasons." (Complaint ¶ 9). Among other things, Peters created vacant positions so that she could "appoint her personal friends, even if not the most qualified." (Complaint ¶ 10).

On June 12, 2015, DOC began an investigation into Plaintiff's conduct. (Complaint ¶ 18). Martin Imhoff (from Human Resources) conducted the investigation. (Complaint ¶ 19). Mr. Imhoff had various conflicts of interest that were not taken into account before assigning him to that task. (Complaint ¶ 20).

Plaintiff resisted the investigation and disputed its fairness from the outset. (Complaint ¶ 21-22). Among other things, he submitted a public records request, seeking information relevant to the investigation. (Complaint ¶ 22). The records request angered defendant Peters. (Complaint ¶ 24). Plaintiff learned from other employees about Peters' response to the record request. *Id.* Based on his concern about the investigation and about Peters' attitude, Plaintiff filed a Tort Claim Notice on September 3, 2015. (Complaint ¶ 25). At the same time, Plaintiff filed a complaint with the Oregon Government Ethics Commission, and requested an investigation by Oregon DOJ. (Complaint ¶ 26-28).

Three weeks later, DOC informed the local press that Plaintiff was under investigation by HR. (Complaint ¶ 30).

On October 19, 2015, Imhoff completed the HR investigation. (Complaint ¶ 31). That day, defendant Peters sent Plaintiff a letter. In that letter, Peters informed Plaintiff that he was being terminated, but offered to allow Plaintiff to work for three additional months in exchange for Plaintiff withdrawing his September 2015 tort claim notice. (Complaint ¶ 32). Plaintiff refused and was terminated, effective October 23, 2015. (Complaint ¶ 35).

On October 27, 2015, DOC released to the local press "all" of the documents and emails in its possession related to Imhoff's HR investigation. (Complaint ¶ 36).

Based on those facts, Plaintiff filed the present Complaint. Named as defendants are the Oregon DOC (a state agency) and Colette Peters (an individual, sued in her personal capacity).

The Complaint sets forth six claims for relief:

1. First Amendment Rights (42 U.S.C. 1983) – Plaintiff claims that he was terminated from employment as a result of the exercise of his First Amendment right to free speech, namely, filing a tort claim notice and ethics complaint, and making a report to Oregon DOJ. This claim is directed against defendant Peters in her personal capacity and seeks declaratory, compensatory, and punitive relief, as well as attorney fees.

2. Fourteenth Amendment Due Process (42 U.S.C. 1983) – Plaintiff claims that on the two occasions listed above, DOJ released information about him to the local press without first providing him with an opportunity for a "name clearing" hearing. This claim is directed against defendant Peters in her personal capacity and seeks declaratory, compensatory, and punitive relief, as well as attorney fees.

3. Whistleblower Retaliation (ORS 659A.203) – Plaintiff claims that he was terminated in retaliation for filing a tort claim notice and ethics complaint, and for making a report to DOJ, concerning defendant Peters' conduct. This claim alleges a violation of state statute. The claim is directed against DOC and seeks declaratory, injunctive, and compensatory relief, as well as attorney fees.

4. Retaliation for Initiating Civil Proceedings (ORS 659A.230) – Plaintiff claims that his pre-termination tort claim notice constitutes the initiation of civil proceedings and that he was terminated in retaliation for that action. This claim alleges a violation of state statute. The claim is directed against DOC and seeks declaratory, injunctive, and compensatory relief, as well as attorney fees.

5. Whistleblower Retaliation (ORS 659A.199) – Plaintiff claims that he was terminated in retaliation for filing a tort claim notice and ethics complaint, and for making a report to DOJ, concerning defendant Peters' conduct. This claim alleges a violation of state statute (distinct from the Third Claim). The claim is directed against DOC and seeks declaratory, injunctive, and compensatory relief, as well as attorney fees.

6. Wrongful Termination – Plaintiff claims that he was terminated as a result of his protected activities described in the Complaint and so that defendant Peters could appoint a personal friend as his replacement. This claim is directed against DOC and seeks compensatory relief only.

As explained below, claims four and five are subject to dismissal for failure to state a claim, and claims three and six should be dismissed in part.

### A. Plaintiff's State Law Retaliation Claims

Plaintiff raises three separate state-law retaliation claims.  The Third Claim for Relief alleges violation of Or. Rev. Stat. 659A.203.  The Fourth Claim for Relief alleges violation of Or. Rev. Stat. 659A.230.  The Fifth Claim for Relief alleges violation of Or. Rev. Stat. 659A.199.

But only one of those statutes applies to the facts alleged in the Complaint—Or. Rev. Stat. 659A.203 (the subject of the Third Claim).  The other two statutes are inapplicable. Consequently, the claims based on those statutes should be dismissed.

### 1.  Claim Four: Initiating a Civil Proceeding (Or. Rev. Stat. 659A.230)

As an initial matter, plaintiff's Fourth Claim for Relief should be dismissed because the Complaint fails to state a claim for relief under the cited statute.

Plaintiff's Fourth Claim for Relief alleges a violation of Or. Rev. Stat. 659A.230.  That statute prohibits, among other things, retaliation against an employee on the ground that the employee "in good faith brought a civil proceeding against an employer."  Plaintiff claims that he was fired for filing a tort claim notice.  He claims that by submitting a tort claim notice to DOC he "brought a civil proceeding" for purposes of the statute.

Plaintiff is incorrect.  A tort claim notice is a "*notice* of claim."  Or. Rev. Stat. 30.275. The tort claim notice states that a person may bring a civil proceeding; but it does not itself initiate a civil proceeding.

Specifically, under Or. Rev. Stat. 30.275, the required notice can be accomplished in various ways.  First, notice can be accomplished by formal notice sent through the mail.  Formal notice must inform the recipient "that a claim for damages is *or will be* asserted" against it.  Or. Rev. Stat. 30.275(4).  Second, notice can be accomplished through "actual notice" by way of

other communications.  To qualify as "actual notice," the communication must inform the public body "that [the claimant] *intends to* assert a claim against the public body."  Or. Rev. Stat. 30.275(6).  Finally, notice can be accomplished through "commencement of an action"—notably distinguishable from a mere notice of a potential future action.

As illustrated by Or. Rev. Stat. 30.275, submitting a tort claim notice is distinct from the initiation of a civil proceeding.  Or. Rev. Stat. 659A.230 applies only to retaliation against an employee for having "brought a civil proceeding."  It does not apply to retaliation for submitting a notice of a *potential* civil proceeding.

Therefore, the Fourth Claim for Relief should be dismissed for failure to state a claim.

## 2. Claim Five: Duplicate Retaliation Claim (Or. Rev. Stat. 659A.199)

Next, plaintiff's Fifth Claim for Relief should be dismissed because the Complaint fails to state a claim for relief under the cited statute.

Plaintiff's Third and Fifth Claims for Relief allege materially identical claims for whistleblower retaliation, but each cites a separate provision of state law.  In the Third Claim Plaintiff alleges a violation of Or. Rev. Stat. 659A.203, and in the Fifth Claim Plaintiff alleges a violation of Or. Rev. Stat. 659A.199.  If Defendant DOC is liable at all, it is only pursuant to Or. Rev. Stat.659A.203.  Thus, the Fifth Claim for Relief should be dismissed.

Both Or. Rev. Stat. 659A.203 (the subject of the Third Claim) and Or. Rev. Stat. 659A.199 (the subject of the Fifth Claim) prohibit whistleblower retaliation.  On its face, Or. Rev. Stat. 659A.203 applies to retaliation by a "public employer."  On its face, Or. Rev. Stat. 659A.199 applies to retaliation by an "employer."

The two statutes are similar in prohibiting retaliation against employees for disclosing or reporting information believed to be a violation of law.  They do, however, have slightly

different requirements. Or. Rev. Stat. 659A.199 requires a "good faith report" of such information, while Or. Rev. Stat. 659A.203(1)(b)(A) requires a "reasonable belief" of a violation.

Or. Rev. Stat. 659A.203 (applicable to public employers) was enacted first.[1] Subsequently, Or. Rev. Stat. 659A.199 was passed in order to provide a *private sector* remedy where a public sector remedy already existed. *Public Hearing on HB 3162 Before the H. Comm. of Business and Labor*, 2009 Leg. 75th Sess. (Or. 2009) (statement of Rep. Judy Stiegler, Sponsor HB 3162). During the public hearing in the House Committee on Business and Labor, there was considerable testimony relating to the need for private sector protection. Charise Rohny of the Oregon Trial Lawyers' Association testified that "House Bill 3162 would protect and encourage employees reporting unlawful conduct and would apply the law *that currently exists* for government and public employers to the private sector." *Public Hearing on HB 3162 Before the H. Comm. of Business and Labor*, 2009 Leg. 75th Sess., Exhibit 4, 2 (Or. 2009) (emphasis added). Kate Newhall, with the Oregon Bureau of Labor and Industries ("BOLI"), testified that the bill "would protect *private sector employees* who are discriminated against for reporting violations of the law and safety dangers." *Public Hearing on HB 3162 Before the H. Comm. of Business and Labor*, 2009 Leg. 75th Sess., Exhibit 7, 1 (Or. 2009) (emphasis added).

Additionally, the Chair of the House Committee on Business and Labor, Representative Mike Schaufler, made it clear that he liked this bill as it was a method to hold *private* businesses accountable, as well as to guarantee that they follow the law. *Public Hearing on HB 3162 Before the H. Comm. of Business and Labor*, 2009 Leg. 75th Sess. (Or. 2009). He saw it as a

---

[1] 1989 Or. Laws, Ch. 890, § 3.

Page 8 – DEFENDANTS' MOTION TO DISMISS

way to get after the "cheaters" who routinely break the law in the private sector but are able to insulate themselves by intimidating their employees. *Id.*

The legislative history makes clear that the legislature, in enacting ORS 659A.199, intended it only as protection for private sector employees.

Decisions from this District are consistent with that analysis. In *Reynolds v. City of Eugene*, 937 F. Supp. 2$^d$ 1284 (D. Or. 2013), Judge Aiken stated her "inclin[ation] to agree with defendants that the Oregon Legislature did not intend to subject public employers to two whistleblower statutes with differing bases of liability." *Id.* at 1296. The court in *Reynolds* remanded the case to state court to resolve that issue. On remand, the Circuit Court found that Or. Rev. Stat. 659A.199 did not apply to government, stating "I find that in a case where it is undisputed that the plaintiff is the employee of the public employer[,] [Or. Rev. Stat.] 659A.203 provides the sole basis for a statutory whistleblower claim." (Exhibit A at 2).

On October 23, 2015, in *Lindsey v. Clatskanie People's Utility District*, 140 F. Supp. 3d 1077, 1095 (D. Or. Oct. 23, 2015), Judge Michael Simon unambiguously ruled on the matter, declaring that "[t]he legislative history establishes that [Or. Rev. Stat.] § 659A.199 does not apply to public employers." There is no basis for this Court to reach a contrary conclusion.[2]

In short, Or. Rev. Stat. 659A.203 applies to public employers. Or. Rev. Stat. 659A.199 does not. Consequently, Plaintiff's claim based on Section 659A.199 should be dismissed for failure to state a claim.

---

[2]     See also, Exhibit B (prior decision from this court in *Mata v. Oregon Health Authority*, 6:13-cv-485-MC; ruling that Or. Rev. Stat. 659A.199 applies to private employers only).

### 3. **Summary of State Law Retaliation Claims**

In sum, plaintiff has raised three state-law statutory retaliation claims, based on three separate state statutes. Based on the allegations in the Complaint, however, only one of the cited statutes—Or. Rev. Stat. 659A.203—applies. The other two cited statutes apply to actions by private employers and to factual circumstances not alleged in plaintiff's Complaint.

Consequently, defendant moves to dismiss Claims Four and Five and to allow Claim Three to go forward as the only state-law retaliation claim.

## B. **OTCA Immunity**

Throughout the Complaint, plaintiff alleges that he was terminated, at least in part, so that defendant Peters could appoint a personal friend as his replacement. To the extent that any of plaintiff's state-law claims—but most particularly, the Sixth Claim—are premised on that factual allegation, the claims are barred by the Oregon Tort Claims Act (OTCA).

Under the OTCA, a state employee acting within the scope of his/her employment or duties is immune from liability for "[a]ny claim based upon the performance of or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." Or. Rev. Stat. 30.265(6)(c). When applicable, as a matter of law, this immunity relieves the government of liability "for what might otherwise be a breach of duty." *Timerlake v. Washington County*, 228 Or. App. 607, 614 (2009); *Sager v. City of Portland*, 68 Or. App. 808, 812 (1984) (noting that issue of whether immunity bars claim is a question of law). Oregon courts have interpreted Or. Rev. Stat. 30.265(6)(c) to mean that "[g]overnmental defendants are protected from liability for decisions that require a policy judgment by a person or body with governmental discretion." *Timberlake*, 228 Or. App. at 612-13. Discretion includes determining

"how or whether the act shall be done or the course pursued." *McBride v. Magnuson*, 282 Or. 433, 437 (1978).

In short, this "discretionary immunity" applies to actions that embody "a choice among alternative public policies by persons to whom responsibility for such policies have been delegated." *Miller v. Grants Pass Irrigation Dist.*, 297 Or. 312, 316 (1984); *Ramirez v. Hawaii T&S Enter., Inc.*, 179 Or App. 416, 419 (2002) (immunity applies if act is the result of exercise of judgment, choice involves public policy, and choice was made by person with authority to make it).

To the extent that any of plaintiff's state law claims—and most particularly, the Sixth Claim for Relief—are based on the assertion that Defendant Peters terminated Plaintiff's employment in order to hire a "friend" as his replacement, those claims are barred. That is precisely the type of decision that is subject to the OTCA's grant of discretionary immunity. [3]

## C. Motion to Strike

As explained in Section B. above, plaintiff's state law claims based on the assertion that defendant Peters terminated Plaintiff's employment in order to hire a "friend" as his replacement are not cognizable under the OTCA. Any statements in the Complaint making such allegations against the defendants are, therefore, irrelevant, and should be stricken from the Complaint.

---

[3] Plaintiff has alleged throughout the complaint that defendant Peters' decision was motivated by a desire to hire a "friend" as plaintiff's replacement. With this motion, defendants contend merely that, if that motivation existed, it was a permissible and protected motivation under the OTCA. Defendants do not concede, however, that plaintiff's allegations concerning defendant Peters' motivations are accurate.

## CONCLUSION

For all of the reasons expressed above, plaintiff's Fourth and Fifth Claims should be dismissed.  The Sixth Claim should be dismissed in part.  After those claims are dismissed, certain allegations in the Complaint are irrelevant and should, therefore, be stricken.

Dated:  August 1, 2016.

*/s/ Keith J. Bauer*
Keith J. Bauer, OSB No. 730234
Email: kbauer@pbswlaw.com
Telephone: (503) 371-3502
Of Attorneys for Defendants