KEITH J. BAUER, OSB No. 730234
kbauer@pbswlaw.com
PARKS, BAUER, SIME, WINKLER & FERNETY LLP
570 Liberty St SE, Suite 200
Salem OR 97301
(503) 371-3502; Fax (503) 371-0429
    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| LEONARD WILLIAMSON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>OREGON DEPARTMENT OF CORRECTIONS, an Oregon State Agency, and COLETTE PETERS, an individual, in her personal capacity,<br><br>　　　　Defendants. | Case No. 6:16-CV-00783-MC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW defendants Oregon Department of Corrections and Colette Peters, by and through their attorney, Keith J. Bauer, and in response to plaintiff's complaint, admits, denies and alleges as follows:

1.

Paragraph 1 of the Complaint contains no factual allegations. To the extent that Paragraph 1 contains a legal conclusion, it is denied.

2.

Admit Paragraphs 2 and 3, except that defendants note that 42 U.S.C. § 1983 is not a jurisdictional statute. Jurisdiction over plaintiff's § 1983 claims is pursuant to 28 U.S.C. 1343.

3.

Admit Paragraphs 4, 5, 6, 7, and 8.

4.

As to Paragraph 9 of the Complaint, admit that Daryl Borello was hired for a position within the Department of Corrections. Admit that there was an investigation of Teri Gill for alleged wrongdoing. Admit that a arbitrator rendered a decision related that investigation. The arbitrator's decision speaks for itself and, therefore, defendants deny any allegations in Paragraph 26 that characterize incorrectly the content of the decision. Defendants otherwise deny the remaining allegations in Paragraph 9.

5.

As to Paragraph 10 of the Complaint, admit that Ken Jeske was hired as Director of Correction Enterprises sometime in 2013. Admit that Daryl Borello was hired as DOC Assistant Director of General Services sometime in 2014. Defendants otherwise deny the remaining allegations in Paragraph 10.

6.

Deny Paragraph 11 of the Complaint.

7.

As to Paragraph 12 of the Complaint, admit that plaintiff, along with other DOC employees, was awarded paid leave in 2013 and 2014.

8.

Deny Paragraph 13 of the Complaint.

9.

As to Paragraph 14 of the Complaint, admit that defendant Peters spoke with an executive coach, Beth Doolittle, about plaintiff and other DOC employees sometime in 2015. Admit that plaintiff's difficulties with staff were part of the conversation. Otherwise deny the remaining allegations in Paragraph 14.

10.

As to Paragraphs 15, 16, 17, 18, and 19 of the Complaint, admit that defendant Peters requested an investigation into matters involving plaintiff. Admit that Martin Imhoff conducted the investigation and that it began on or about June 12, 2015, and that the specifics of each matter are discussed in Imhoff's subsequent report. Admit that a matter arose in 2013 which had been informally handled, and that plaintiff had not been disciplined in 2013. Otherwise deny the remaining allegations in Paragraphs 15, 16, 17, 18, and 19.

11.

Deny Paragraph 20.

12.

As to Paragraph 21 of the Complaint, admit that sometime after the investigation began, plaintiff spoke with DOC's Deputy Director about miscellaneous employment-related concerns. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and they are therefore denied.

13.

As to Paragraph 22 of the Complaint, admit that plaintiff submitted public records requests on or about July 31, 2015 and August 24, 2015. Otherwise deny the remaining allegations in Paragraph 22.

14.

As to Paragraph 23 of the Complaint, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 and, therefore, deny the same.

15.

As to Paragraph 24 of the Complaint, admit that sometime after making public records requests plaintiff conversed with the Deputy Director about miscellaneous issues related to his employment. Otherwise deny the remaining allegations in Paragraph 24.

16.

As to Paragraph 25 of the Complaint, admit that plaintiff filed a Tort Claim Notice. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 and, therefore, deny the same.

17.

As to Paragraph 26 of the Complaint, admit that plaintiff filed an Ethics Complaint. The Ethics Complaint speaks for itself and, therefore, defendants deny any of the remaining allegations in Paragraph 26 to the extent that they characterize incorrectly the content of the Ethics Complaint.

18.

As to Paragraphs 27, 28, and 29 of the Complaint, admit that plaintiff and his then-attorney met with Deputy Attorney General Fred Boss. Admit that Defendant Peters discussed with Deputy Attorney General Boss some of the content of the discussion. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraphs 27, 28, and 29 and they are therefore denied.

19.

As to Paragraph 30 of the Complaint, denied.

20.

As to Paragraph 31 of the Complaint, admit that Martin Imhoff completed an investigation report on or about October 19, 2015. That investigation report speaks for itself and, therefore, defendants deny any of the remaining allegations in Paragraph 31 to the extent that they characterize incorrectly the content of the investigation report.

21.

As to Paragraphs 32, 33, 34, and 35 of the Complaint, admit that defendant Peters sent plaintiff a termination letter on or about October 19, 2015. The letter speaks for itself and, therefore, defendants deny any allegation that characterizes incorrectly the content of the letter. Admit that plaintiff refused to release his claims. Admit that plaintiff's employment with defendant Department of Corrections was terminated on October 23, 2015. Otherwise deny the remaining allegations in Paragraphs 32, 33, 34, and 35.

22.

As to Paragraph 36 of the Complaint, admit that Defendant DOC released to the Oregonian, documents in response to a public records request. Defendants lack knowledge or

information sufficient to form a belief about the truth or remaining allegations in Paragraph 36 and they are therefore denied.

23.

As to Paragraph 37 of the Complaint, denied.

24.

As to Paragraph 38 of the Complaint, denied.

**FIRST CLAIM FOR RELIEF: Violation of 42 U.S.C. § 1983 – Deprivation of First Amendment Rights**

25.

As to Paragraph 39 of the Complaint, defendants have already addressed Paragraphs 1 through 38 above.

26.

As to Paragraphs 40 through 50 of the Complaint, defendants admit and deny as follows: To the extent that Paragraphs 40 through 50 restate factual allegations contained in Paragraphs 1 through 38, defendants incorporate the admissions and denials above. To the extent that Paragraphs 40 through 50 contain legal conclusions based on the facts alleged, no response is required and they are otherwise denied. Defendants deny all of the allegations contained in Paragraphs 40 through 50 which are not specifically admitted above.

/ / /

/ /

/

**SECOND CLAIM FOR RELIEF: Violation of 42 U.S.C. § 1983 – Deprivation of Fourteenth Amendment Right to Due Process**

27.

As to Paragraph 51 of the Complaint, defendants have already addressed Paragraphs 1 through 50 above.

28.

As to Paragraphs 52 through 62 of the Complaint, defendants admit and deny as follows: To the extent that Paragraphs 52 through 62 restate factual allegations contained in Paragraphs 1 through 50, defendants incorporate the admissions and denials above. To the extent that Paragraphs 52 through 62 contain legal conclusions based on the facts alleged, no response is required and they are otherwise denied. Defendants deny all other allegations in Paragraphs 52-62 which are not specifically admitted above.

**THIRD CLAIM FOR RELIEF: Violation of ORS 659A.203 – Retaliation against a Public Employee for Whistleblowing**

29.

As to Paragraph 63 of the Complaint, defendants have already addressed Paragraphs 1 through 62 above.

30.

As to Paragraphs 63 through 72 of the Complaint, defendants admit and deny as follows: To the extent that Paragraphs 63 through 72 restate factual allegations contained in Paragraphs 1 through 62, defendants incorporate the admissions and denials above. To the extent that Paragraphs 63 through 72 contain legal conclusions based on the facts alleged, no response is required and they are otherwise denied. Admit that defendant DOC is a public employer as that

term is used in ORS 659A.203. Defendants deny all other allegations in Paragraphs 63 through 72 which are not specifically admitted above.

**FOURTH CLAIM FOR RELIEF: Violation of ORS 659A.230 – Discrimination for Initiating Civil Proceedings**

31.

As to Paragraph 73 of the Complaint, defendants have already addressed Paragraphs 1 through 72 above.

32.

As to Paragraphs 74 through 81 of the Complaint, defendants admit and deny as follows: To the extent that Paragraphs 74 through 81 restate factual allegations contained in Paragraphs 1 through 72, defendants incorporate the admissions and denials above. To the extent that Paragraphs 74 through 81 contain legal conclusions based on the facts alleged, no response is required and they are otherwise denied. Defendants deny all other allegations in Paragraphs 74 through 81 which are not specifically admitted above.

**FIFTH CLAIM FOR RELIEF: Violation of ORS 659A.199 – Retaliation for Whistleblowing**

33.

As to Paragraph 82 of the Complaint, defendants have already addressed Paragraphs 1 through 81 above.

34.

As to Paragraphs 83 through 91 of the Complaint, defendants admit and deny as follows: To the extent that Paragraphs 83 through 91 restate factual allegations contained in Paragraphs 1 through 81, defendants incorporate the admissions and denials above. To the extent that Paragraphs 83 through 91 contain legal conclusions based on the facts alleged, no response is

required and they are otherwise denied. Defendants deny all other allegations in Paragraphs 83 through 91 which are not specifically admitted above.

### SIXTH CLAIM FOR RELIEF: Wrongful Discharge

35.

As to Paragraph 92 of the Complaint, defendants have already addressed Paragraphs 1 through 91 above.

36.

As to Paragraphs 93 through 95 of the Complaint, defendants admit and deny as follows: To the extent that Paragraphs 93 through 95 restate factual allegations contained in Paragraphs 1 through 91, defendants incorporate the admissions and denials above. To the extent that Paragraphs 93 through 95 contain legal conclusions based on the facts alleged, no response is required and they are otherwise denied. Defendants deny all other allegations in Paragraphs 93 through 95 which are not specifically admitted above.

37.

As to plaintiff's prayer for relief, defendants deny that plaintiff is entitled to any of the relief sought.

38.

Defendants demand a jury trial.

39.

General denial: Defendants expressly deny any and all allegations set forth in the complaint not expressly admitted herein.

/ /

/

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Qualified/Discretionary Immunity)

40.

Government officials are entitled to qualified immunity from civil liability for carrying out discretionary functions, provided that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant Department of Corrections is a public entity. Defendant Peters is and was a government official at all material times alleged in the Complaint, and was at all times acting in her official capacity.

## SECOND AFFIRMATIVE DEFENSE
### (Oregon Tort Claim Act)

41.

Any state law claims occurring more than 180 days from the date of a Tort Claim Notice are barred.

42.

Any damages or attorney fees recoverable in connection with plaintiff's state law claims are capped by the Oregon Tort Claims Act ("OTCA"), ORS 30.260 et seq. The OTCA also prohibits plaintiff from recovering punitive damages based upon his state law claims. ORS 30.269(1).

## THIRD AFFIRMATIVE DEFENSE
### (Statutory Discretionary Function Immunity)

43.

ORS 30.265(6)(c) provides that public bodies and their officers are immune from liability for "[a]ny claim based upon the performance of or failure to exercise or perform a discretionary

function or duty, whether or not the discretion is abused." Defendant Department of Corrections is a public entity. Defendant Peters is and was a government official at all material times alleged in the Complaint, and was at all times acting in her official capacity. All employment decisions alleged in the Complaint involved discretionary policy judgments. Therefore, plaintiff's state law claims are barred.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

44.

Plaintiff's Second Claim for Relief, alleging the denial of a "name clearing hearing" fails to state a claim because plaintiff has not alleged facts giving rise to the right to any process that was not offered. This ground is in addition to any applicable ground asserted in a separate affirmative defense above.

45.

Plaintiff's Fourth Claim for Relief, pursuant to ORS 659A.230, fails to state a claim because submitting a Tort Claim Notice does not constitute "bringing" a "civil proceeding." This ground is in addition to any applicable ground asserted in a separate affirmative defense above.

46.

Plaintiff's Fifth Claim for Relief, pursuant to ORS 659A.199, fails to state a claim because that statute does not apply to public employers. This ground is in addition to any applicable ground asserted in a separate affirmative defense above.

/ /

/

47.

Plaintiff's Sixth Claim for Relief, alleging wrongful discharge, fails to state a claim for relief because the facts alleged do not assert a "wrongful" discharge under Oregon law. This ground is in addition to any applicable ground asserted in a separate affirmative defense above.

## FIFTH AFFIRMATIVE DEFENSE
### (Defenses Reserved)

Defendants may not be able to fully anticipate all applicable affirmative defenses, and the right to assert additional affirmative defenses, or to modify or withdraw any defenses stated here, as may be appropriate in light of information obtained in discovery and investigation in this action, is therefore reserved.

Defendants reserve the right to amend this answer after the completion of discovery in this case.

## PRAYER FOR RELIEF

Defendants respectfully request that judgment be entered in their favor and against plaintiff and grant the following relief to defendants:

1. Dismissal of plaintiff's complaint in its entirety, with prejudice, with all costs taxed against plaintiff;

2. Enter judgment in favor of defendants and against plaintiff;

3. Award defendants their attorney fees and costs as established by way of motion after entry of the judgment, pursuant to Fed. R. Civ. P. 54.

/ /

/

4.  Award such other relief to defendants as the Court deems just and proper.

DATED this 7th day of February, 2017.

                                                      PARKS BAUER SIME WINKLER & FERNETY, LLP

By: */s/ Keith J. Bauer*
      Keith J. Bauer, OSB No. 730234
      Email: kbauer@pbswlaw.com
      Attorney for Defendants, Oregon Department of Corrections and Colette Peters

## CERTIFICATE OF SERVICE

I hereby certify that I am one of the attorneys for the party stated above: That I served the foregoing Defendants' Answer to Plaintiff's Complaint, on the following person(s):

Andrew Altschul
Angela Ferrer
Buchanan Angeli Altschul & Sullivan, LLP
321 SW Fourth Avenue, Suite 600
Portland, OR 97204
Telephone: 503-974-5015
Facsimile: 971-230-0337
Email: andrew@baaslaw.com
　　　　angela@baaslaw.com

By CM/ECF and emailing to the email address listed above.

DATED this 7th day of February, 2017.

　　　　　　　　　　　　　　　　　　/s/ Keith J. Bauer
　　　　　　　　　　　　　　　　　　Keith J. Bauer, OSB No. 730234
　　　　　　　　　　　　　　　　　　Attorney for Defendants